IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| TERRY W. COPELAND, #182050 | * | |
| Plaintiff | | |
| v. | * | CIVIL ACTION NO. AMD-05-1942 |
| SHARON BAUCOM, et al. | * | |
| Defendants | | |
| * * * | | |
| TERRY W. COPELAND, #182050 | * | |
| Plaintiff | | |
| v. | * | CIVIL ACTION NO. AMD-05-2635 |
| R.N. ALO, et al., | * | |
| Defendants | | |
| *** | | |

MEMORANDUM

In *Copeland v. Baucom*, Civil Action No. AMD-05-1942 (D. Md. 2005) ("*Copeland I*"), plaintiff was granted leave to proceed in forma pauperis and the 24 defendants were directed to file an answer to the complaint for injunctive and compensatory relief pursuant to federal rules and court administrative order.[1]  In addition, because plaintiff alleged that he was being denied: (1) sick-call appointments; (2) correct and necessary medication for his high blood pressure[2] and other ailments; and (3) follow-up care for rectal bleeding, the Office of the Attorney General was directed to file a  response on July 22, 2005.

---

[1] The allegations in *Copeland I* primarily concern plaintiff's medical treatment prior to July 1, 2005.

[2] Plaintiff alleges that in June 2005, he was given the wrong medication, his blood pressure medication was allowed to expire, and his requests for timely refills were ignored, causing his blood pressure to reach dangerous levels and requiring monitored care for more than 8 hours on June 22, 2005. Paper No. 1. He further claims that the problems with receiving medication are ongoing. *Id*. According to plaintiff, he is on a medication regimen of Verapamil, Furosemide, Enalapril Maleate, and Labetalol.  *Id*.

Since the entry of that order in *Copeland I*, service of process has been effected on the state defendants. Counsel for Prison Health Services, Inc. ("PHS"), the health care provider for the Maryland House of Correction Annex prior to July 1, 2005, has refused to accept service on behalf of the named medical defendants. Accordingly, plaintiff shall be required to assist this court and the United States Marshals Service in effecting service of process on defendants Swick, Furjanic, Tesfaye, Gashe, Abeson, Mbunyer, Allen, Grace, Antonnia, Mulleta, Russell, and Cook.[3] The Clerk will be directed to mail 12 copies of the 285 United States Marshal ("USM") service form to plaintiff, who must complete the forms (one for each defendant) and return them to the Clerk, ℅ the Pro Se Unit, 101 West Lombard Street, Baltimore, Maryland 21201, within twenty (20) days from the date of this Order. Failure to comply with this Order may result in dismissal without prejudice of plaintiff's complaint as to these defendants. Once the forms are received, this court may direct the Clerk to issue summons and the U.S. Marshal to effect service of process on defendants at the addresses provided by plaintiff.

On September 20, 2005, the state defendants filed an answer in *Copeland I*. Paper No. 18. On September 29, 2005, plaintiff filed a response to the answer and motion for summary judgment. Paper No. 22. A scheduling order shall be entered reflecting the deadlines for filing of further dispositive motions and oppositions as to the state defendants and plaintiff.

Plaintiff has also peppered this court with a number of non-dispositive motions and amended complaints in *Copeland I*. On August 10, 2005, he filed a motion for temporary restraining order,

---

[3] On September 26, 2005, plaintiff filed an "amendment to complaint." Paper No. 21. He claims that the name of defendant Sarahfena, R.N. should be amended to reflect the proper name of Saraphine Mbunyer. *Id*. In addition, he claims that the name of defendant "Unidentified Med Technician" should be amended to reflect the name of defendant Medical Technician Pam Cook. *Id*. Finally, plaintiff moves to amend various administrative remedies to his complaint. *Id*. The document, construed as plaintiff's motion to amend, shall be granted. The Clerk shall amend the docket accordingly.

asserting that defendants have continued to neglect their duties and have deprived him of his constitutional rights to the full range of health care services. Paper No. 9. He claims that he: (1) is still being untreated for heavy rectal bleeding; (2) continues to be provided with unprescribed medication; (3) is still deprived of medication to treat his hypertension and other medical problems; and (4) continues to be denied the scheduling of sick-call appointments. *Id*.

Defendant Baucom filed a response to this court's show cause order on August 10, 2005. Paper No. 11. She indicates that plaintiff continues to receive medical attention. Attached to the response are exhibits reflecting plaintiff's formulary and physician's orders for medications and housing assignments. *Id*., Ex. 1. In addition, defendant Baucom has presented plaintiff's pharmacy pill-take record for June and July 2005; records from the Chronic Care Clinic from June 2005; and admission and discharge notes from Laurel Hospital Center in July of 2005. *Id*. Plaintiff is maintained on various medications for hypertension, which is apparently difficult to control. *Id*. In July 2005, he was recommended for an MRA of renal arteries to rule out renal artery stenosis. His blood pressure is to be routinely monitored. He was to be provided medication for a hemorrhoidal condition. *Id*.

On August 17, 2005, plaintiff filed another motion for injunctive relief. Paper No. 13. At bottom, plaintiff takes issue with the response filed by defendant Baucom, claiming the record provided to this court is primarily inaccurate; does not contain relevant sick-call forms; and is not responsive to his claims concerning the denial of x-rays and medication for his hypertension. *Id*. On August 19, 2005, plaintiff filed a reply to Baucom's response, again seeking injunctive relief. Paper No. 14. He again claims that the record attached to the response is inadequate and inaccurate. *Id*. On September 9, 2005, plaintiff filed an amendment to his motion for injunctive relief, claiming

3

that medical records have been withheld from the court and this court has been provided false information regarding the adequacy of his medical care. Paper No. 17. Further, on September 26, 2005, plaintiff filed another motion for injunctive relief. Paper No. 20. He claims that he his recent rectal examination was inadequate; that he has been denied x-rays for a scheduled barium enema; and his barium enema procedure had to be rescheduled. *Id*.

After a review of these materials, the court finds that injunctive relief is not warranted. Under *Blackwelder Furniture Co. v. Seilig Manufacturing Co.*, 550 F.2d 189 (4th Cir. 1977), injunctive relief may only be granted if the movant can demonstrate: (1) the likelihood he will be irreparably harmed if the preliminary injunction is denied; (2) the likelihood that defendant/respondent will not be harmed if the requested relief is granted; (3) the likelihood that he will succeed on the merits; and (4) that the public interest will be served if the injunction is granted. *Id.* at 195-96.

The initial factor to be examined in the aforementioned analysis is the "likelihood of irreparable harm to the plaintiff." Indeed, the failure to make a clear showing of irreparable harm is, by itself, a ground upon which to deny a preliminary injunction. *See Direx Israel, Ltd. v. Breakthrough Medical Corporation*, 952 F.2d 802, 812 (4th Cir. 1992).

Plaintiff has not made a clear showing of immediate harm. The record shows that plaintiff's hypertension is being closely monitored and that his rectal condition is being treated with medication. Plaintiff further acknowledges that he has been referred for further testing. He has not demonstrated that the alleged deprivations have placed him in imminent risk of injury. His claims with respect to his request for injunctive relief are, essentially, wrapped up in his complaint. Therefore, his civil rights action will provide him adequate redress for those complaints. The requested emergency order goes to an equitable remedy. Such a remedy will not be given when the

plaintiff has a forum for his complaint. *See generally* 11 C. Wright & Miller, Federal Practice and Procedure, § 2944. Consequently, the requests for emergency injunctive relief shall be denied without prejudice.

In addition, on August 29, 2005, and September 26, 2005, plaintiff filed motions for entry of default against PHS defendants. Paper Nos. 15 & 19.  The motions shall be denied.  The medical defendants are not in violation of any court order.

Finally, on September 22, 2005, the Clerk received for filing the case of *Copeland v. Alo, et al.,* Civil Action No. AMD-05-2635 (D. Md. 2005) ("*Copeland II*"). Plaintiff complains that he has been provided incorrect and unprescribed medication. Service of process has not yet been effected on the named defendants.

On October 6, 2005, plaintiff filed an amended complaint in *Copeland II*. Paper No. 5. He seeks to correct the misspelled name of defendant Ola and various typographical errors in his complaint. Leave to amend shall be granted and the Clerk shall alter the docket.

Effective July 1, 2005, new contracts governing medical, mental health, dental, pharmacy, patient records, and health-care oversight services went into effect for Department of Public Safety and Correctional Services ("DPSCS") inmates. In *Copeland I*, plaintiff's original complaint primarily concerned health care received prior to July 1, 2005. His subsequent requests for emergency injunctive relief in *Copeland I*, however, related to alleged continuing medical deprivations occurring after July 1, 2005.  The alleged medical deprivations claimed in *Copeland II* all occurred after July 1, 2005. Under the circumstances, the court finds that in the interests of justice and efficient use of judicial resources, it makes sense to consolidate the cases.  The

5

allegations raised in plaintiff's emergency motions in *Copeland I*[4] shall be considered supplemental complaints and local counsel for Correctional Medical Services, Inc. ("CMS"), which was awarded the new medical services and records contracts by the DPSCS, shall inform this court as to whether he will accept service on behalf of the medical defendants named in *Copeland I*. A separate Order shall be entered reflecting this opinion.

Filed: October 11, 2005                                    __/s/_____
                                                           Andre M. Davis
                                                           United States District Judge

---

[4] *See Copeland I* at Paper Nos. 9, 13, 17, & 20.