IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TERRY W. COPELAND, #182050          *
             Plaintiff
      v.                                *   CIVIL ACTION NO. AMD-05-1942

SHARON BAUCOM, et al.               *
             Defendants
                                    *


             *          *          *          *


TERRY W. COPELAND, #182050          *
             Plaintiff
      v.                                *   CIVIL ACTION NO. AMD-05-2635

R.N. OLA[1]                         *
LLP/MEDICAL TECHNICIAN PAM COOK
R.N. PERPETRA                       *
CORRECTIONAL SERGEANT MOONEY
             Defendants
                                   ***

MEMORANDUM

In *Copeland v. Baucom*, Civil Action No. AMD-05-1942 (D. Md. 2005) ("*Copeland I*"), the

24 defendants were directed to file an answer to the complaint for injunctive and compensatory

relief.  The state defendants filed a response to plaintiff's allegations that he continues to be denied

sick-call appointments, correct and necessary medication for his high blood pressure[2] and other

ailments, and follow-up care for rectal bleeding. By Order of October 11, 2005, plaintiff's requests

for emergency injunctive relief were denied.

_____

[1]The correct name of this defendant is Olagunwa Adurota.  The docket shall be amended accordingly.

[2]Plaintiff alleges that in June 2005, he was given the wrong medication, his blood pressure medication was allowed to expire, and his requests for timely refills were ignored, causing his blood pressure to reach dangerous levels and requiring monitored care for more than 8 hours on June 22, 2005. Paper No. 1. He further claims that the problems with receiving medication are ongoing. *Id*. According to plaintiff, he is on a medication regimen of Verapamil, Furosemide, Enalapril Maleate, and Labetalol.  *Id*.

On September 22, 2005, the Clerk received case No. AMD-05-2635, *Copeland v. Alo, et al.,* ("*Copeland II*"), in which plaintiff complained that he had been provided incorrect and unprescribed medication.

After a review of the cases, this court observed that effective July 1, 2005, new contracts governing medical, mental health, dental, pharmacy, patient records, and health-care oversight services went into effect for Department of Public Safety and Correctional Services ("DPSCS") inmates. It further noted that: (1) in *Copeland I*, plaintiff's original complaint primarily concerned health care received prior to July 1, 2005; (2) his subsequent requests for emergency injunctive relief in *Copeland I* related to alleged continuing medical deprivations occurring after July 1, 2005; and (3) the alleged medical deprivations claimed in *Copeland II* all occurred after July 1, 2005.  The court therefore found it appropriate to consolidate the cases and to consider the allegations raised in plaintiff's emergency motions in *Copeland I*[3] as supplemental complaints.  It directed local counsel for Correctional Medical Services, Inc. ("CMS"),  which was awarded the new medical services and records contracts by the DPSCS, to answer the post-July 1, 2005, claims raised in *Copeland I.*

The dispositive motions now pending include plaintiff's motion for summary judgment, the state defendants' motion to dismiss or for summary judgment, and the CMS medical defendants' motions to dismiss or for summary judgment. Paper Nos. 22, 75, 76, & 83.[4]

Since the consolidation of these cases, plaintiff has submitted a number of non-dispositive filings on a weekly basis. First, he filed a motion to amend the complaint to correct the name of

---

[3]*See Copeland I* at Paper Nos. 9, 13, 17, & 20.

[4]The record shows that service of process was not executed on defendants Swick, Russell, Abeson, and Cook.

defendant Pam Cook.  Paper No. 28.   The motion shall be granted and the docket shall be amended to substitute the name of Pamela Peter for that of Pam Cook.  Next, plaintiff filed a motion to withdraw his prior requests for default and a motion to effect service on Prison Health Services, Inc. ("PHS") defendants.   Paper No. 29.   The motions shall be denied.  Plaintiff's request to withdraw the default affidavit has been rendered moot by this court's prior denial of his motion for default. In addition, this court has already attempted to effectuate service of process on the PHS defendants.[5]

Plaintiff next filed two separate motions for reconsideration of the denial of his request for injunctive relief. Paper Nos. 31 & 35.  He claims that he is not receiving treatment for rectal bleeding in that the Colace medication and hemorrhoidal ointment he received are inappropriate and the physicians cannot locate the source of the blood and fluids emitted from his rectal area. *Id*. Plaintiff's motions for reconsideration have been read, considered, and are hereby denied.  The court sees no reason to vacate its previous determination regarding the issuance of injunctive relief.

Next, plaintiff filed a motion to effectuate service on defendants.  Paper 52.  He claims that defendant Pam [Peter] and Sargent Mooney have not been served with court orders and the complaint.  *Id*.  The motion shall be granted in part and denied in part. Plaintiff shall be provided the U.S. Marshal service of process form as to defendant Peter, who has not been served with process.  Service of process has, however, been accepted on behalf of defendant Mooney.

In addition, plaintiff filed an affidavit for entry of default and a motion for default judgment against defendants Adurota and Perpetra. Paper Nos. 60 & 66.  Default shall not be entered against these defendants.[6] Next plaintiff filed a motion for copy work, seeking a copy of Paper No. 8 in

---

[5]Plaintiff seemingly seeks to amend the docket to reflect the correct name of defendant Grace.  Paper No. 29 at 2.

[6]These defendants have filed responses to the complaints and are not in default.

*Copeland II*, as well as a copy of the docket sheet. Paper No. 61. The request shall be granted.[7]

Plaintiff also filed a motion to subpoena medical records from the Laurel Regional Hospital related to his July 2005 admission to that hospital. Paper No. 64. The motion shall be denied. Relevant medical records related to plaintiff's neurology, cardiology, and rectal testing from July 2005 have been provided to the court.

State defendants Saar, Peguese, Smith, Sizer, Baucom, Shareef, Dazouloute, Worishching, and Mooney have filed a motion for extension of time.[8]  Paper No. 65.  Further, CMS medical defendants Tesfaye, Gashe, Mulleta, Mubunyer, Adurota, Perpetra, Ihuoma, Okoro, and Udemba have also filed a motion for extension of time.[9]  Paper No. 68.  On December 15, 2005, PHS medical defendants Tesfaye, Gashe, and Furjanc also filed a motion for enlargement of time.  Paper No. 74. Plaintiff has filed motions to object and to strike the extension of time requests.  Paper Nos. 73 & 79.   Despite plaintiff's objections, the extension motions shall be granted nunc pro tunc.

On December 13, 2005, plaintiff filed a motion to amend his complaint with regard to his allegations against the state defendants. Paper No. 70. Plaintiff's motion has been examined in light

---

[7]The undersigned notes that the Clerk is under no obligation to provide plaintiff a copy of the docket sheet each and every time he requests a copy. They will be provided as may be reasonably necessary for plaintiff to keep abreast of the filings in these cases.

[8]The court observes that the Office of the Attorney General filed an answer on behalf of Assistant Warden Wayne Hill, but did not include his name in the extension of time request or subsequently-filed dispositive motion. *See* Paper Nos. 18, 65, & 75. The court views the omission as inadvertent error.  Default judgment shall not be entered. Counsel shall file the appropriate pleading to correct the mistake.

[9]The Clerk shall amend the docket to substitute the names of Allen Ihumoma, Grace Okoro, and Anteonia Udemba for that of defendants Allen, Grace, and Antonnia.

of Fed. R. Civ. P. 15(a) and shall be granted with regard to his claims that  defendant Smith failed to respond to his administrative remedies.[10]

Finally, on January 3, 2006, the court received plaintiff's motion to strike and motion to recuse or to transfer case to another court. Paper Nos. 85 & 86. First, plaintiff claims that the medical defendants' dispositive motion should be stricken in part because defendants Adurota and Perpetra failed to file their answer in a timely manner consistent with the Federal Rules of Civil Procedure.   Paper No. 85.  The motion to strike shall be denied as the court finds no violation of federal rules and administrative orders regarding responsive filing deadlines.

Plaintiff next requests the undersigned recuse himself from this matter or that the case be transferred to another court. Paper No. 86. He accuses the court of being biased and prejudiced due to its refusal to grant his requests for default against several defendants and in denying his motion for temporary restraining order.  *Id*.

To the extent that plaintiff is seeking recusal of the undersigned, his request shall be denied. Plaintiff makes no allegation of personal bias or prejudice caused by an extrajudicial source. *See Liteky v. United States*, 510 U.S. 540, 554 (1994); *see also Sine v. Local No. 922 Int'l Bhd. of Teamsters*, 882 F.2d 913, 914-15 (4th  Cir. 1989); *In re Beard*, 811 F.2d 818, 827 (4th Cir. 1987). Where, as here, the source of the alleged bias is not shown to be "outside the record or a related proceeding or [related to the judge's] experience on the bench," it is not a sufficient basis for disqualification.  *Shaw v. Martin*, 733 F.2d 304, 308 (4th Cir. 1984) (emphasis added).  Plaintiff's

---

[10]Plaintiff makes a reference to the Maryland Court of Appeals decision in *Massey v. Dep't of Public Safety and Correctional Services*, 886 A.2d 585 (Md. 2005), which found that Division of Correction regulations were not adopted in conformance with the Administrative Procedure Act. To the extent he seeks to add this issue to the consolidated complaint, leave to amend shall be denied.

dissatisfaction with the undersigned's rulings does not establish cause for recusal. Plaintiff is assured that the court harbors no bias or prejudice against him or against his claims.

An Order follows.

Filed: January 4, 2006                    _/s/_____
                                          Andre M. Davis
                                          United States District Judge